Mark S. Kundla
Paul Daly
**HARDIN, KUNDLA, MCKEON &
POLETTO, P.C.**
673 Morris Avenue
Springfield, NJ 07081
Phone: (973) 912-5222
Fax: (973) 912-9212
Mkundla@HKMPP.com
Pdaly@HKMPP.com

Peter W. Herzog III (pro hac vice pending)
**WHEELER TRIGG O'DONNELL LLP**
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone: (303) 244-0117
Fax: (303) 244-1879
pherzog@wtotrial.com

Joel S. Neckers (pro hac vice pending)
**WHEELER TRIGG O'DONNELL LLP**
370 Seventeen Street, Suite 4500
Denver, CO 80202
Phone:  (303) 244-1800
Fax:  (303) 244-1879
neckers@wtotrial.com

Attorneys for Defendant Volvo Cars of
North America, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION**

| | |
|---|---|
| THERESA JENNER, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>VOLVO CARS OF NORTH AMERICA, LLC,<br><br>      Defendant. | Civil Action No.  2:15-cv-06152-CCC-JBC<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>**HEARING DATE: NOVEMBER 16, 2015**<br><br>**ORAL ARGUMENT REQUESTED** |

# **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

FACTUAL BACKGROUND .................................................................................2

APPLICABLE LEGAL STANDARD ....................................................................5

CHOICE OF LAW..................................................................................................6

      A.     Rhode Island Law Applies to Plaintiff's Fraud-Based Claims. ...........6

      B.     Rhode Island Law Applies to Plaintiff's Contract-Based Claims.............................................................................................8

ARGUMENT ..........................................................................................................9

I.     THE COURT SHOULD DISMISS PLAINTIFF'S CONSUMER FRAUD CLAIMS................................................................................9

      A.     Plaintiff's Allegations that Volvo Did Not Disclose a Purported Defect that Might Occur After the Warranty Period Does Not State a NJCFA Claim. ........................................................11

      B.     Plaintiff Fails to Allege Plausibly that Volvo "Knew with Certainty" that the rdar in Her Vehicle Would Cause the Vehicle's Battery to Die. ....................................................13

      C.     The Court Should Dismiss the NJCFA Claim with Prejudice Because There Is No Conflict with Rhode Island Law on This Issue.........................................................................................16

      D.     The Court Should Dismiss the NJCFA Claim if It Finds a Conflict of Law. ..........................................................................19

II.    THE COURT SHOULD DISMISS PLAINTIFF'S IMPLIED WARRANTY CLAIM. ...............................................................20

      A.     Plaintiff Fails to State a Breach of the Implied Warranty of Merchantability Claim Because She Does Not Allege Privity with Volvo........................................................................20

       B.     Plaintiff's Implied Warranty Claim Is Barred by the Statute of Limitations...........................................................................................21

III.   THE COURT SHOULD DISMISS PLAINTIFF'S COMMON LAW FRAUD CLAIM. .......................................................................................22

IV.   THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING......................................................................................................24

CONCLUSION. ...................................................................................................26

## TABLE OF AUTHORITIES

### CASES

*Abraham v. Volkswagen of Am., Inc.*,
  795 F.2d 238 (2d Cir. 1986) ..............................................................................11

*Ace Am. Ins. Co. v. Grand Banks Yachts, Ltd.*,
  587 F. Supp. 2d 697 (D. Md. 2008) ........................................................... 20, 21

*Alban v. BMW of N. Am.*,
  2011 WL 900114 (D.N.J. March 15, 2011) ........................................................16

*Alban v. BMW of N. Am., LLC*,
  2010 WL 3636253 (D.N.J. Sept. 8, 2010).............................................. 12, 14, 15

*Alston v. Parker*,
  363 F.3d 229 (3d Cir. 2004) ....................................................................... 10, 19

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................5, 14

*Bisbano v. Strine Printing Co.*,
  737 F.3d 104 (1st Cir. 2013) ..............................................................................24

*Centerville Builders, Inc. v. Wynne*,
  683 A.2d 1340 (R.I. 1996)..................................................................................25

*Dovenmuehle Mortg., Inc. v. Antonelli*,
  790 A.2d 1113 (R.I. 2002)..................................................................................26

*Duffy v. Samsung Elecs. Am., Inc.*,
  2007 WL 703197 (D.N.J. Mar. 2, 2007) ............................................................12

*Dzielak v. Whirlpool Corp.*,
  26 F. Supp. 3d 304 (D.N.J. 2014)......................................................................8, 9

*Feldman v. Mercedes-Benz USA, LLC*,
  2012 WL 6596830 (D.N.J. Dec. 18, 2012) ......................................................9, 19

*Fields v. Thompson Printing Co.*,
    363 F.3d 259 (3d Cir. 2004) .................................................................26

*Frederico v. Home Depot*,
    507 F.3d 188 (3rd Cir. 2007)..................................................................5

*Glass v. BMW of N. Am., LLC*,
    2011 WL 6887721 (D.N.J. Dec. 29, 2011) ........................................... 12, 13, 22

*Grandalski v. Quest Diagnostics Inc.*,
    767 F.3d 175 (3d Cir. 2014) ....................................................... 6, 7, 8

*Gray v. BMW of N. Am., LLC*,
    22 F. Supp. 3d 373 (D.N.J. 2014)......................................................8, 9

*Greene v. BMW of N. Am.*,
    2013 WL 5287314 (D.N.J. Sept. 17, 2013).......................................14

*Grygorcewicz v. Schweitzer-Mauduit Int'l, Inc.*,
    2009 WL 235623 (D.N.J. Jan. 30, 2009) ...........................................24

*Harvey v. Nissan N. Am., Inc.*,
    2005 WL 1252341 (N.J. Super. Ct. Apr. 25, 2005) ...........................23

*Havlick v. Johnson & Wales Univ.*,
    490 F. Supp. 2d 250 (D.R.I. 2007).....................................................26

*Henry v. John W. Eshelman & Sons*,
    209 A.2d 46 (R.I. 1965)................................................................ 20, 21

*Herbstman v. Eastman Kodak Co.*,
    342 A.2d 181 (N.J. 1975) ...................................................................11

*Iannacchino v. Ford Motor Co.*,
    888 N.E. 2d 879 (Mass. 2008)............................................................10

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) .............................................................10

*In re Ford Motor Co. E-350 Van Prods. Liab. Litig. (No. II)*,
    2010 WL 2813788 (D.N.J. July 9, 2010) ...........................................10

*In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*,
    311 F.3d 198 (3rd Cir. 2002) ................................................................6

*Jubelt v. United N. Bankers, Ltd.*,
    2015 WL 3970227 (D.N.J. June 30, 2015) ......................................25

*Kennedy v. Acura*,
    2002 WL 31331373 (R.I. Super. Ct. Aug. 28, 2002) ................... 17, 21

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
    313 U.S. 487 (1941) .............................................................................6

*Klimas v. Int'l Tel. & Tel. Corp.*,
    297 F. Supp. 937 (D.R.I. 1969) ..................................................... 20, 21

*Kondracky v. Crystal Restoration, Inc.*,
    791 A.2d 482 (R.I. 2002) ..................................................................17

*Lightning Lube, Inc. v. Witco Corp.*,
    4 F.3d 1153 (3d Cir. 1993) ............................................................ 22, 23

*Lombardi v. Ca. Packing Sales Co.*,
    112 A.2d 701 (R.I. 1955) ................................................................ 20, 21

*Majdipour v. Jaguar Land Rover N. Am., LLC*,
    2015 WL 1270958 (D.N.J. Mar. 18, 2015) ......................................8, 9

*Maloney v. Microsoft Corp.*,
    2011 WL 5864064 (D.N.J. Nov. 21, 2011) ..........................................9

*Maniscalco v. Brother Int'l (USA) Corp.*,
    709 F.3d 202 (3d Cir. 2013) .......................................................... 6, 7, 8

*Maniscalco v. Brother Int'l Corp. (USA)*,
    793 F. Supp. 2d 696 (D.N.J. 2011),
    *aff'd*, 709 F.3d 202 (3d Cir. 2013) ...................................................19

*Mickens v. Ford Motor Co.*,
    2015 WL 5310755 (D.N.J. Sept. 10, 2015) ........................................14

*Miller v. Samsung Elecs Am., Inc.*,
    2015 WL 3965608 (D.N.J. June 29, 2015) ...........................................8

*Morris v. BMW of N. Am., LLC*,
   2014 WL 793550 (D.N.J. Feb. 26, 2014)....................................................... 15, 24

*N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*,
   567 F.3d 8 (1st Cir. 2009) ........................................................................24

*Nobile v. Ford Motor Co.*,
   2011 WL 900119 (D.N.J. Mar. 14, 2011) ............................................. 12, 13, 22

*Noble v. Porsche Cars N. Am., Inc.*,
   694 F. Supp. 2d 333 (D.N.J. 2010)................................................. 12, 13, 14, 22

*Owen v. Gen. Motors Corp.*,
   2007 WL 172355 (W.D. Mo. Jan. 18, 2007) .......................................................11

*P.V. v. Camp Jaycee*,
   962 A.2d 453 (N.J. 2008) ......................................................................6, 16

*Perkins v. DaimlerChrysler Corp.*,
   890 A.2d 997 (N.J. Super. Ct. App. Div. 2006)......................... 11, 12, 13, 22, 25

*Radford v. DaimlerChrysler Corp.*,
   168 F. Supp. 2d 751 (N.D. Ohio 2001) ...............................................................17

*Sheehy v. Lipton Indus., Inc.*,
   507 N.E.2d 781 (Mass. Ct. App. 1987)..............................................................25

*Spring Motors Distribs. Inc. v. Ford Motor Co.*,
   489 A.2d 660 (N.J.1985) ...............................................................................20

*Stevenson v. Mazda Motor of Am., Inc.*,
   2015 WL 3487756 (D.N.J. June 2, 2015) ............................................... 15, 23, 24

*Suddreth v. Mercedes-Benz, LLC*,
   2011 WL 5240965  (D.N.J. Oct. 31, 2011)................................................. 10, 14

*Thiedemann v. Mercedes-Benz USA, LLC*,
   872 A.2d 783 (N.J. 2005) ...............................................................................11

*W. Reserve Life Assur. Co. of Ohio v. Caramadre*,
   847 F. Supp. 2d 329 (D.R.I. 2012), *aff'd sub nom.*,
   *W. Reserve Life Assur. Co. of Ohio v. ADM Associates, LLC*,
   793 F.3d 168 (1st Cir. 2015) ....................................................................22

*Wade v. Kessler,*
  Inst., 798 A.2d 1251 (N.J. 2002) .......................................................................26

*Weske v. Samsung Elec. Am., Inc.,*
  2012 WL 833003 (D.N.J. Mar. 12, 2012) .........................................................19

*White v. ABC Home Inspection, Inc.,*
  12 Mass. L. Rptr. 283 (Mass. Super. 2000) .......................................................25

*Wilson v. Hewlett-Packard Co.,*
  668 F.3d 1136 (9th Cir. 2012) ...........................................................................17

*Wiseberg v. Toyota Motor Corp.,*
  2012 WL 1108542 (D.N.J. Mar. 30, 2012) ....................................... 14, 15, 16, 24

*Yancey v. Remington Arms Co., LLC,*
  2013 WL 5462205 (M.D.N.C. Sept. 30, 2013) ..................................................18

*Zodda v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,*
  2015 WL 926221 (D.N.J. Mar. 4, 2015) ............................................................25

## STATUTES, RULES & OTHER

Fed. R. Civ. P. 9(b) ..................................................................................................15

Mass. Gen Laws § 2-725(1) & (2) ...........................................................................21

N.J. Stat. Ann. § 56:8-1 .............................................................................................4

N.J. Stat. Ann. § 12A:2-725(1) & (2) ......................................................................21

Restatement (Second) Conflict of Laws § 148(2) ................................................6, 7

Restatement (Second) Conflict of Laws § 188 .........................................................8

Restatement (Second) of Contracts § 205 (1981) ...................................................25

R.I. Gen. Laws Ann. § 6A-2-314 ...............................................................................9

R.I. Gen. Laws Ann. § 6A-2-725(1) & (2) ..............................................................21

R.I. Gen. Laws Ann. § 6-13.1-1 ...............................................................................16

R.I. Gen. Laws Ann. § 6-13.1-4 ...............................................................................17

R.I. Gen. Laws Ann. § 6-13.1-18 .................................................................... 18

R.I. Gen. Laws Ann. § 31-5.2-2 ..................................................................... 18

R.I. Gen. Laws Ann. § 31-5.2-13 ................................................................... 18

## **INTRODUCTION**

After driving her vehicle more than 75,000 miles without issue, and after her 5-year extended warranty had expired, the battery in Plaintiff's 2009 Volvo S40 died. Plaintiff alleges that the battery died because a part associated with her satellite radio, the remote digital audio receiver, continued to search for a satellite signal while the vehicle was not running. Plaintiff, a Massachusetts resident who purchased her vehicle in Rhode Island, alleges that Volvo violated the New Jersey Consumer Fraud Act, committed common law fraud, and breached the implied covenant of good faith and fair dealing by failing to disclose this purported defect in the remote digital audio receiver. She further alleges that Volvo breached the implied warranty of merchantability by selling the vehicle with this alleged defect.

Plaintiff's claims are based on experiences indistinguishable from the experiences of millions of owners of every brand of motor vehicle sold in modern times—she experienced a problem with her vehicle after her express warranty expired. But numerous courts have rejected attempts to hold manufacturers liable in similar cases, recognizing that such claims, if successful, would extend a manufacturer's warranty program for the entire life of the vehicle and provide consumers with the benefit of a bargain they did not make.

Plaintiff's claims are deficient as a matter of law and should be dismissed for the following reasons.

First, the Court should dismiss the consumer fraud claim because there is no duty to disclose potential problems that might occur in a vehicle after the warranty expires. Any other rule would undo decades of case law interpreting warranties like the one Plaintiff received with her new Volvo. Second, Plaintiff's implied warranty claim fails for lack of privity and because the claim is barred by the statute of limitations. Third, Plaintiff's common law fraud claim fails because there is no duty to disclose a purported defect that might occur in a vehicle after the warranty has expired and Plaintiff does not begin to allege that claim with the particularity required by Rule 9. Finally, the Court should dismiss Plaintiff's breach of the implied covenant of good faith and fair dealing claim because Plaintiff does not allege the existence of an express contract with Volvo. But even if there is one, the Court should dismiss the claim because the duty of good faith and fair dealing does not apply to contract formation.

## FACTUAL BACKGROUND

Plaintiff purchased a new Volvo S40 on April 29, 2009, from Tasca Volvo in Rhode Island. (Compl. ¶ 10.) Plaintiff fails to allege where she resided when she purchased her vehicle but claims she currently resides in Massachusetts. (*Id.* ¶ 6.) Plaintiff alleges that Volvo's corporate headquarters is located in New Jersey. (*Id.* ¶ 9.)

When Plaintiff purchased her Volvo S40, she also purchased an extended warranty for a period of 72 months or until the vehicle was driven for 75,000 miles. (*Id.* ¶ 11.) According to Plaintiff, on September 15, 2014, after she had owned the car for more than five years, driven more than 75,000 miles, and the extended warranty had expired, her Volvo S40 would not start because of the unremarkable fact that it had a dead battery. (*Id.* at ¶ 12.) Tasca Volvo, the dealership from which she purchased the vehicle, charged $175.75 to replace the battery. (*Id.*, Ex. A.)

On January 28, 2015, Plaintiff parked her vehicle in a garage for 48 hours during the severe blizzard known as "Winter Storm Juno." (*Id.* ¶ 13.) She was unable to start the vehicle when she returned, and the vehicle was jump started by a roadside technician from AAA. (*Id.*) The technician allegedly told her that there was a drain on the electrical system when the vehicle was shut off. (*Id.*) Tasca Volvo made repairs and issued an invoice that stated:

> ,,,, 80518 battery, charging system ok, found .06a draw, fault
> ,,,, traced and found rdar offline, recover rdar and download
> ,,,, software upgrade

(*Id.* & Ex. B.) Plaintiff paid $299.77 for this work. (*Id.* ¶ 13.)

Plaintiff alleges that "rdar" means a "remote digital audio receiver," and that the rdar in her vehicle was defective because it continued to search for a satellite signal while the vehicle was not running, which drained the vehicle's battery. (*Id.*

¶¶ 2, 14-15.) She further alleges that the rdar is "a defective device that is unnecessary for the car's safe operation." (*Id.* ¶ 3.) According to Plaintiff, the only way to eliminate the future risk of battery failure was to pay for a software fix to repair a device that she did not use, apparently referring to the satellite radio.[1] (*Id.* ¶ 17.) Plaintiff then concludes that Volvo "knows all about this defect," "has been and is aware of the defect," and "knowingly failed to disclose the defect." (*Id.* ¶¶ 3, 19, 33.) The only "facts" Plaintiff pleads in support of her conclusions related to Volvo's purported knowledge are quotes from anonymous complaints on public internet forums made four or more years <u>after</u> she purchased her vehicle in 2009. (*Id.* ¶ 18 & nn. 3, 4.)

Plaintiff brings four claims. In Count I, Plaintiff alleges that Volvo violated the New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-1, *et seq.*, by knowingly failing to disclose the purported defect in the rdar in order to secure a vehicle sale at a premium price. (*Id.* ¶¶ 33-34.) In Count II, Plaintiff alleges that Volvo breached the U.C.C.'s implied warranty of merchantability because the Volvo S40 was not merchantable when she purchased it from Tasca Volvo. (*Id.* ¶¶ 10, 40-43.) In Count III, Plaintiff alleges that Volvo committed common law fraud by making material omissions regarding the alleged defective rdar with knowledge of their

---

[1] Plaintiff does not explain why in the five years prior to this incident, she did not suffer a battery failure from the alleged defect. She also does not allege the age of the battery in her vehicle at the time the battery died.

falsity and the intent that she would rely on the omissions. (*Id.* ¶¶ 50-51.) In Count IV, Plaintiff alleges that Volvo breached an implied covenant of good faith and fair dealing that is contained in "every contract in New Jersey" by maliciously failing to disclose the purported defect and not repairing the defect at no charge. (*Id.* ¶¶ 55-57.)

## APPLICABLE LEGAL STANDARD

In order to survive dismissal for failure to state a claim, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). This plausibility standard demands more than a "sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, to state a facially plausible claim, *Iqbal* requires a party to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Fed. R. Civ. P. 9(b)'s heightened pleading standard applies to Plaintiff's NJCFA and common law fraud claims. *Frederico v. Home Depot*, 507 F.3d 188, 202-03 (3rd Cir. 2007). Rule 9(b) requires "at a minimum, that plaintiffs support

their allegations of [fraud] with all of the essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue." *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3rd Cir. 2002) (citation omitted).

<u>**CHOICE OF LAW**</u>

Because this case was filed in New Jersey, New Jersey's choice of law rules apply. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). New Jersey applies the "most significant relationship" test of the Restatement (Second) of Conflict of Laws. *P.V. v. Camp Jaycee*, 962 A.2d 453, 455 (N.J. 2008). The first prong of the test is to examine the applicable laws to determine if an actual conflict exists. *Id.* at 460. If no conflict exists on an issue, the inquiry ends there, and the Court applies the law of the forum state. *Id.* If there is a conflict, the Court applies the law of the state with the most significant relationship to the case and parties. *Id.* at 461.

**A.**     **Rhode Island Law Applies to Plaintiff's Fraud-Based Claims.**

Restatement (Second) Conflict of Laws § 148(2) applies to fraud-based claims where the representation or omission was made in one state and received and relied on in another state. *Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 175, 181 (3d Cir. 2014); *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 208 (3d Cir. 2013). The factors set forth in that provision favor the application of

Rhode Island law to these claims.

Because Plaintiff necessarily received Volvo's alleged misrepresentation or omission in Rhode Island, three of the § 148(2) factors—(a) place of reliance, (b) place where plaintiff received the representation or omission, and (e) the place where a tangible thing which is the subject of the transaction was located at the time of the transaction, *i.e.*, the vehicle—weigh in favor of applying Rhode Island law.[2] The state in which Volvo made the alleged misrepresentation or omission is New Jersey, the place in which its headquarters is located. *See Grandalski*, 767 F.3d at 181-82; *Maniscalco*, 709 F.3d at 208. The location of the domicile or residence of the parties does not favor any particular jurisdiction because they are different states. The sixth factor does not apply because there is no contract that required Plaintiff to perform.

Here, "'[n]othing else about the relationship between the parties, other than the fortuitous location of [the defendant's] headquarters, took place in the state of New Jersey.'" *Grandalski*, 767 F.3d at 182 (quoting *Maniscalco*, 709 F.3d at 208).

---

[2] The Restatement (Second) Conflict of Laws § 148(2) factors are: (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations; (b) the place where the plaintiff received the representations; (c) the place where the defendant made the representations; (d) the domicile, residence, nationality, place of incorporation and place of business of the parties; (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time; and (f) the place where the plaintiff is to render performance under a contract which she has been induced to enter by the false representations of the defendant. *Id.*

Rhode Island law therefore applies where there is a conflict because Plaintiff received and acted in reliance on the purported omission to purchase the vehicle located in Rhode Island.[3] *Grandalski*, 767 F.3d at 182-83 (consumer protection act claim); *Maniscalco*, 709 F.3d at 208-09 (same); *Miller v. Samsung Elecs Am., Inc.*, 2015 WL 3965608, at *6 (D.N.J. June 29, 2015) (consumer protection act claim and common law fraud); *Majdipour v. Jaguar Land Rover N. Am., LLC*, 2015 WL 1270958, at *10 (D.N.J. Mar. 18, 2015) (common law fraud).

## B.   Rhode Island Law Applies to Plaintiff's Contract-Based Claims.

Section 188 of the Restatement applies to Plaintiff's contract-based claims. *Gray v. BMW of N. Am., LLC*, 22 F. Supp. 3d 373, 381 (D.N.J. 2014); *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 328 (D.N.J. 2014). Section 188's factors include: (a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. Restatement (Second) of Conflict of Laws § 188.

Rhode Island law implies a warranty of merchantability for new vehicle

---

[3] In *Grandalski* and *Maniscalco*, plaintiff purchased the product and resided in the same state. Although Plaintiff's home state may be different from the state where she purchased her vehicle, the foregoing analysis shows that this difference implicates only part of one factor and balances against applying the law where Volvo resides. The location of Plaintiff's residence thus does not change the choice-of-law analysis because three key factors clearly favor Rhode Island law.

sales made within its borders. R.I. Gen. Laws Ann. § 6A-2-314. Rhode Island is the place of contracting, the place of negotiation, the place of performance of the implied warranty, which arises upon sale, and location of the vehicle at the time of sale.[4] The parties' residence in different states balances out and does not overcome those contacts. "Those five Restatement factors dictate that the law of the state in which the Plaintiffs purchased their machines ... should govern their implied warranty of merchantability claims against the manufacturer." *Dzielak*, 26 F. Supp. 3d at 328; *Feldman v. Mercedes-Benz USA, LLC*, 2012 WL 6596830, at *7-8 (D.N.J. Dec. 18, 2012); *Maloney v. Microsoft Corp.*, 2011 WL 5864064, at *9 (D.N.J. Nov. 21, 2011). Rhode Island law therefore governs for the same reasons with respect to the breach of the implied covenant of good faith and fair dealing claim. *See, e.g.*, *Majdipour*, 2015 WL 1270958, at *16; *Gray*, 22 F. Supp. 3d at 381; *Feldman*, 2012 WL 6596830, at *7-8.

## ARGUMENT

### I.   THE COURT SHOULD DISMISS PLAINTIFF'S CONSUMER FRAUD CLAIMS.

Plaintiff alleges that Volvo violated the NJCFA because it did not disclose a purported defect that did not manifest until after the Volvo S40's extended warranty expired. (Compl. ¶¶ 11, 13, 33-34.) These allegations do not state a claim

---

[4] *See, e.g.*, *Majdipour*, 2015 WL 1270958, at *16 (D.N.J. Mar. 18, 2015) (identifying "the location of the Range Rovers at the time of purchase" as the applicable time for the factor).

under New Jersey law, and because there is no conflict with Rhode Island law on this point, would not state a claim under Rhode Island law. The Court should therefore dismiss this claim with prejudice because an amendment would be futile.[5] *See Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004) (stating that a district court may dismiss a claim pursuant to 12(b)(6) with prejudice if allowing a curative amendment would be futile); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)").

---

[5] Allowing Plaintiff to add a Massachusetts claim likewise would be futile because Massachusetts law does not apply under the choice of law rules. New Jersey and Massachusetts law do not conflict on this point in any event. The Massachusetts Supreme Judicial Court has held that a consumer fraud claim under Ch. 93A cannot be predicated on failure to disclose an alleged defect unless the alleged defect violates a Federal Motor Vehicle Safety Standard. *Iannacchino v. Ford Motor Co.*, 888 N.E. 2d 879, 888 (Mass. 2008) ("Because the term 'defect' is conclusory and can be subjective as well, a bare assertion that a defendant, while representing the opposite, has knowingly manufactured and sold a product that is 'defective,' or suffers from 'safety-related defects,' does not suffice to state a viable [ch.93A] claim"); *see also In re Ford Motor Co. E-350 Van Prods. Liab. Litig. (No. II)*, 2010 WL 2813788, at *78 (D.N.J. July 9, 2010) ("Under Massachusetts law as propounded in *Iannacchino*, mere allegations of a 'defect' unmoored to a violation of a legally required standard does not suffice to state a claim for injury based on purely economic loss under ch. 93A, § 9"). Plaintiff also could not state a Massachusetts claim because she has not provided the requisite written demand prior to suit under the Act. *Suddreth v. Mercedes-Benz, LLC*, 2011 WL 5240965, at *6 (D.N.J. Oct. 31, 2011) (dismissing Ch. 93 claim because "a complaint is by definition not 'pre-suit' and the filing of the original complaint does not suffice as proper notice").

**A.    Plaintiff's Allegations that Volvo Did Not Disclose a Purported Defect that Might Occur After the Warranty Period Does Not State a NJCFA Claim.**

"Defects can, and do, arise with complex instrumentalities such as automobiles." *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 794 (N.J. 2005). Indeed, "virtually all product failures discovered in automobiles ... can be attributed to a 'latent defect' that existed at the time of sale or during the term of the warranty." *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986); *see also Owen v. Gen. Motors Corp.*, 2007 WL 172355, at *4 (W.D. Mo. Jan. 18, 2007) ("every consumer must be charged with the knowledge that a product she purchases may and probably will break at some point in the future, most likely after the warranty has expired"). Plaintiff's extended warranty expressly allocated responsibility for those defects to Volvo (if the defects occurred during the warranty period) and to Plaintiff (if the defect occurred after the warranty period). *Herbstman v. Eastman Kodak Co.*, 342 A.2d 181, 186-87 (N.J. 1975) (the language of the warranty "contemplated that such defects might occur and, if so, Kodak would repair them" for the period of the warranty). New Jersey precedent squarely holds that it does not state a claim under the NJCFA to allege that a manufacturer did not disclose a purported defect that might occur in a vehicle <u>after</u> the warranty has expired. *See, e.g.*, *Perkins v. DaimlerChrysler Corp.*, 890 A.2d 997, 1004 (N.J. Super. Ct. App. Div. 2006);

*Noble v. Porsche Cars N. Am., Inc.*, 694 F. Supp. 2d 333, 337-38 (D.N.J. 2010); *accord, e.g.*, *Glass v. BMW of N. Am., LLC*, 2011 WL 6887721, at *9-10 (D.N.J. Dec. 29, 2011); *Nobile v. Ford Motor Co.*, 2011 WL 900119, at *6 (D.N.J. Mar. 14, 2011); *Alban v. BMW of N. Am., LLC*, 2010 WL 3636253, at *10-11 (D.N.J. Sept. 8, 2010) ("*Alban I*"); *Duffy v. Samsung Elecs. Am., Inc.*, 2007 WL 703197, at *8 (D.N.J. Mar. 2, 2007).

By way of example, in *Perkins*, the New Jersey court of appeals held the manufacturer's alleged non-disclosure that a vehicle's exhaust manifold might break or require repair after expiration of the warranty did not violate the NJCFA. 890 A.2d at 1005 ("a claim that a defect may, but has not, manifested itself until after the expiration of the warranty period cannot form the basis for a claim under the CFA"). The *Perkins* Court reasoned that courts should not re-write express warranties in order to extend them to the entire life of the vehicle:

> In short, recognizing a viable CFA claim in the circumstances presented would essentially compel manufacturers and sellers to warrant their products and component parts beyond that to which the parties expressly agreed. Courts do not rewrite contracts into which parties have freely and voluntarily entered. To interpret the CFA, beyond its present scope, to cover claims that the component part of a product, which has lasted through the warranty period, may eventually fail, would be tantamount to rewriting that part of the contract which defined the length and scope of the warranty period. We decline to interpret the CFA to permit a claim which has that effect.

890 A.2d at 1005 (citations omitted). Allowing lawsuits such as this one "would render inconsequential the warranty programs adopted by auto manufacturers and consented to by purchasing consumers, but would also have a tendency to extend those warranty programs for the entire life of the vehicle." *Id. Perkins* and its progeny show that consumer protection law cannot be used to undo the time or mileage limits on express warranties.[6]

Here, Plaintiff drove her vehicle for more than 75,000 miles, and allegedly experienced a problem that caused her battery to drain <u>after</u> her extended warranty expired. The Court should dismiss this claim because Plaintiff's allegations show that her vehicle outperformed her extended warranty before she had a problem caused by the alleged defect. *See, e.g.*, *Perkins*, 890 A.2d at 1004; *Noble*, 694 F. Supp. 2d at 338; *Glass*, 2011 WL 6887721, at *9-10; *Nobile*, 2011 WL 900119, at *6.

    **B.**    **Plaintiff Fails to Allege Plausibly that Volvo "Knew with Certainty" that the rdar in Her Vehicle Would Cause the Vehicle's Battery to Die.**

A few New Jersey federal courts have recognized a limited exception to the *Perkins* rule if the plaintiff can plausibly "'allege that the defendant manufacturer

---

[6] Many federal courts have relied on *Perkins* to dismiss similar claims. The *Noble* court, for example, held allegations that Porsche did not disclose an alleged engine defect in a vehicle because "the Porsche 911's 'defective' engine outperformed its limited warranty" failed to state a claim. *Noble*, 694 F. Supp. 2d at 338.

knew with certainty that the product at issue or one of its components was going to fail.'" *Wiseberg v. Toyota Motor Corp.*, 2012 WL 1108542, at *4 (D.N.J. Mar. 30, 2012) (quoting *Suddreth v. Mercedes-Benz, LLC*, 2011 WL 5240965 at *5 (D.N.J. Oct. 31, 2011)); *accord, e.g.*, *Mickens v. Ford Motor Co.*, 2015 WL 5310755, at *8 (D.N.J. Sept. 10, 2015); *Noble*, 694 F. Supp. 2d at 337; *Alban I*, 2010 WL 3636253, at *10. The allegation of knowledge with certainty is key, because a defendant "does not violate the NJCFA by failing to inform its consumers of the *possibility* of failure" of one of a product's component parts. *Alban I*, 2010 WL 3636253, at *10 (emphasis original).

Here, the most Plaintiff can do is <u>conclude</u> that Volvo "knows all about this defect," "has been and is aware of the defect," and "knowingly failed to disclose the defect." (Compl. at ¶¶ 3, 19, 33.) These conclusory allegations do not plausibly allege Volvo knew Plaintiff's battery—or any other component for that matter— would fail at the time she purchased her vehicle, let alone knowledge "with certainty" that the rdar would cause the battery to drain years later.[7] *See, e.g.*, *Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do"); *Greene v. BMW of N. Am.*, 2013 WL 5287314, at *3 (D.N.J.

---

[7] Knowledge with certainty is measured at the time of sale because "[i]n such cases, a plaintiff can state a cognizable claim by alleging that the defendant artificially limited the warranty period in an effort to avoid the cost of repairs." *Alban I*, 2010 WL 3636253, at *10.

Sept. 17, 2013) ("Greene does not allege that BMW knew with certainty that the Tires would fail"); *see also Alban I*, 2010 WL 3636253, at *11 (holding that conclusory allegations of knowledge failed to comply with Fed. R. Civ. P. 9(b)).

And Plaintiff's selective hearsay quotations from anonymous complaints on internet forums made four or more years <u>after</u> she purchased the vehicle in 2009 do not change the analysis, (Compl. at ¶ 18, nn. 3 (December 5, 2013) & 4 (June 22, 2014)), because these internet postings are insufficient to show Volvo's knowledge of a problem, let alone knowledge with certainty. *See Wiseberg*, 2012 WL 1108542, at *4 (allegations of internet complaints not sufficient to show knowledge with certainty); *13 ("it is not apparent from the Complaint in the instant case that Defendant knew of the consumer complaints on the website ... [and] it must be shown that Toyota was aware of these complaints"); *Morris v. BMW of N. Am., LLC*, 2014 WL 793550, at *7 (D.N.J. Feb. 26, 2014) ("Plaintiff's generalized reference to an unspecified number of consumer complaints on a 'public online forum' and/or reference to three alleged complaints" on the internet was insufficient to plausibly allege knowledge"); *see also Stevenson v. Mazda Motor of Am., Inc.*, 2015 WL 3487756, at *7 (D.N.J. June 2, 2015) ("these complaints were all made well after Plaintiff purchased his vehicle, and so they cannot show that Mazda was aware of the defect at that time").

In sum, the Court should dismiss the claim because Plaintiff did not plausibly allege that Volvo <u>knew with certainty</u> at the time she purchased her Volvo S40 that the rdar in the vehicle would cause the battery to drain years later. *Wiseberg*, 2012 WL 1108542, at *4 (dismissing NJCFA claim because "Plaintiffs do not allege that Defendant knew with certainty that the sliding doors would fail"); *Alban v. BMW of N. Am.*, 2011 WL 900114, at *10-12 (D.N.J. March 15, 2011) (*Alban II*) (dismissing claim with prejudice because plaintiff failed to plausibly allege that BMW knew with certainty that part would fail after warranty expired).

### C.     The Court Should Dismiss the NJCFA Claim with Prejudice Because There Is No Conflict with Rhode Island Law on This Issue.

New Jersey law applies unless there is a showing that there is an outcome-determinative difference between the laws of different states on an issue. *Camp Jaycee*, 962 A.2d at 455. Although Rhode Island reported opinions have not directly applied the principle articulated in *Perkins* to a similar Rhode Island case, no Rhode Island cases reject the *Perkins* doctrine, and some authority shows that the doctrine is consistent with Rhode Island law. For instance, at least one Rhode Island court held that a manufacturer cannot be held liable under the Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws. Ann. §§ 6-13.1-1, *et seq*. ("RIDTPA"), for defects arising after the warranty period expires. In

*Kennedy v. Acura*, 2002 WL 31331373, at *4 (R.I. Super. Ct. Aug. 28, 2002),

plaintiffs alleged that Honda violated the RIDTPA by refusing to pay the full cost

of all customers' repairs after Honda issued a service bulletin notifying customers

of a model-wide defect. *Id.* at *1-2. Plaintiffs, whose warranties had expired when

the bulletin was issued, argued that it was a violation of the RIDTPA to cover the

full cost of repairs on some customers' vehicles and not others pursuant to a

discretionary "goodwill" program. *Id.* The court held that Honda's conduct could

not be considered "unfair" for purposes of the RIDTPA because Honda had no

legal duty to repair the plaintiffs' vehicles for problems exhibiting themselves after

the warranties expired. *Id.* at *4 ("repairs are not covered after expiration of [a]

warranty even if [the] defect was latent at the time of sale").[8]

   Further, the emerging consensus among other courts interpreting consumer

protection statutes is that "[m]ere nondisclosure of a defect, without more, does not

fall within the purview of deceptive or unconscionable practices prohibited by the

[consumer protection] Act." *Radford v. DaimlerChrysler Corp.*, 168 F. Supp. 2d

751, 754 (N.D. Ohio 2001); *accord*, *Wilson v. Hewlett-Packard Co.*, 668 F.3d

---

[8] The court also held that the claims were "exempt from DTPA because they
constitute consumer product warranty claims which are governed by the Federal
Trade Commission under the Magnuson-Moss Warranty-Federal Trade
Commission Improvement Act." *Id.* at 3. The RIDTPA exempts actions regulated
or monitored under the laws administered by the Rhode Island Department of
Business Regulation or any other state or federal regulatory body. R.I. Gen. Laws
§ 6-13.1-4; *see Kondracky v. Crystal Restoration, Inc.*, 791 A.2d 482 (R.I. 2002).

1136, 1141-43 (9th Cir. 2012) (a manufacturer has no duty to inform consumers of defects that will manifest outside the warranty period unless the manufacturer has affirmatively misrepresented the defective nature of the product or the defect poses a safety risk to consumers) (applying California law); *Yancey v. Remington Arms Co., LLC*, 2013 WL 5462205, at \*11 (M.D.N.C. Sept. 30, 2013) (allegation that manufacturer failed to disclose defect "is nothing more than a 'run-of-the-mill breach of warranty claim' and as such is insufficient to state [a consumer fraud claim]").

Still further, Rhode Island defines a violation of the "Consumer Enforcement of Motor Vehicle Warranties" statute as a deceptive trade practice under the RIDPTA. R.I. Gen. Laws Ann. §§ 6-13.1-18 & 31-5.2-13. Critically, however, there is no violation of the warranty statute unless there is a breach of an express or implied warranty "and the consumer or lessee reports the nonconformity to the manufacturer of the vehicle, its agent, or its authorized dealer or lessor <u>during the term of protection</u>." R.I. Gen. Laws Ann. § 31-5.2-2 (emphasis added). That statutory provision further confirms that Rhode Island law is consistent with *Perkins* because Rhode Island does not permit the RIDPTA to eviscerate warranty limitations.

For these reasons, the Court should dismiss Count I with prejudice because amending the Complaint to allege a Rhode Island claim would be futile. *See Alston*, 363 F.3d at 236.

### D. The Court Should Dismiss the NJCFA Claim if It Finds a Conflict of Law.

If the Court finds a conflict of law between Rhode Island and New Jersey on this issue, the Court should dismiss the NJCFA claim because Rhode Island law would apply to her claim. *Maniscalco v. Brother Int'l Corp. (USA)*, 793 F. Supp. 2d 696, 710 (D.N.J. 2011) (where plaintiff asserted claim under NJCFA, court conducted choice of law analysis, concluded that New Jersey law did not apply, and dismissed NJCFA claim), *aff'd*, 709 F.3d 202 (3d Cir. 2013); *accord, e.g.*, *Feldman v. Mercedes-Benz USA, LLC*, 2012 WL 6596830, at *8 (D.N.J. Dec. 18, 2012) (dismissing NJCFA claim with prejudice because law of plaintiffs' home states applied rather than New Jersey law); *Weske v. Samsung Elec. Am., Inc.*, 2012 WL 833003, at *5 (D.N.J. Mar. 12, 2012) (dismissing NJCFA claim because New Jersey law does not apply).

## II.    THE COURT SHOULD DISMISS PLAINTIFF'S IMPLIED WARRANTY CLAIM.

### A.    Plaintiff Fails to State a Breach of the Implied Warranty of Merchantability Claim Because She Does Not Allege Privity with Volvo.

New Jersey has abolished the privity requirement for an implied warranty of merchantability claim for economic damages. *Spring Motors Distribs. Inc. v. Ford Motor Co.*, 489 A.2d 660, 676-77 (N.J.1985). Rhode Island has not. *Henry v. John W. Eshelman & Sons*, 209 A.2d 46, 49-50 (R.I. 1965) (holding that plaintiff farmer could not sue chicken feed manufacturer for breach of implied warranties without alleging privity); *Lombardi v. Ca. Packing Sales Co.*, 112 A.2d 701, 702 (R.I. 1955) (privity required); *Klimas v. Int'l Tel. & Tel. Corp.*, 297 F. Supp. 937, 939-40 (D.R.I. 1969) (recognizing that the statutory implied warranty of merchantability requires contractual privity between plaintiff and manufacturer); *see also Ace Am. Ins. Co. v. Grand Banks Yachts, Ltd.*, 587 F. Supp. 2d 697, 708 (D. Md. 2008) ("pursuant to Rhode Island law, the absence of contractual privity between the Mathews and Grand Banks defeats Ace's claim for breach of the implied warranty of merchantability"). Because there is a conflict, Rhode Island law applies, and Plaintiff must allege privity with Volvo.

Here, Plaintiff alleges she purchased her vehicle from a dealership and not from Volvo directly. (Compl. ¶ 10.) The Court should therefore dismiss this claim

with prejudice. *Henry*, 209 A.2d at 49-50; *Lombardi*, 112 A.2d at 702; *Klimas*, 297 F. Supp. at 939-40; *Grand Banks Yachts*, 587 F. Supp. 2d at 708.

**B.    Plaintiff's Implied Warranty Claim Is Barred by the Statute of Limitations**

The statute of limitations for an implied warranty of merchantability claim under both New Jersey and Rhode Island law is four years from delivery of the vehicle to the initial purchaser, regardless of any lack of knowledge of the alleged defect at the time of the delivery. N.J. Stat. Ann. § 12A:2-725(1) & (2); R.I. Gen. Laws Ann. § 6A-2-725(1) & (2). At the very latest, Plaintiff's implied warranty claim accrued for statute of limitations purposes at the time her vehicle was delivered, *i.e.*, April 29, 2009. (Compl. at ¶ 10.) Plaintiff filed this lawsuit on August 12, 2015, more than six years after she purchased her vehicle and more than two years after the claim was barred by the four-year statute of limitations. (ECF No. 1.) The Court should dismiss this claim with prejudice.[9] N.J. Stat. Ann. § 12A:2-725(1) & (2); R.I. Gen. Laws Ann. § 6A-2-725(1) & (2); *see, e.g.*, *Kennedy*, 2002 WL 31331373, at *6 ("plaintiffs' claims are barred by the four-year

---

[9] In Massachusetts, as in New Jersey and Rhode Island, the applicable statute of limitations for UCC implied warranty claims is four years from delivery of the vehicle to the initial purchaser, regardless of the lack of knowledge of the alleged defect at the time of the delivery. Mass. Gen Laws § 2-725(1) & (2). Thus, the result would be the same under Massachusetts law.

statute of limitations applicable to implied warranty claims which expired in this case approximately five to six years ago").

## III.   THE COURT SHOULD DISMISS PLAINTIFF'S COMMON LAW FRAUD CLAIM.

Plaintiff's common law fraud claim is predicated on her conclusions that Volvo made material omissions regarding "the true nature of the inherent defect related to 'rdar,'" "with knowledge of their falsity," and the intent that Plaintiff would rely on them. (Compl. ¶¶ 50-51.) The Court should dismiss this claim for two reasons.

First, there is no duty to disclose a purported defect that might occur in a vehicle <u>after</u> the warranty has expired. *See generally Perkins*, 890 A.2d at 1004; *Glass*, 2011 WL 6887721, at *9-10; *Nobile*, 2011 WL 900119, at *6; *Noble*, 694 F. Supp. 2d at 337-38. But even if the warranty had not expired, Volvo would not have a duty to disclose. "[W]here a claim for fraud is based on silence or concealment, New Jersey courts will not imply a duty to disclose, unless such disclosure is necessary to make a previous statement true or the parties share a 'special relationship.'"[10] *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir. 1993). There is no fiduciary or other special relationship of trust between a

---

[10] Similarly, under Rhode Island law, a claim based on concealment "'will not lie absent a duty to speak.'" *W. Reserve Life Assur. Co. of Ohio v. Caramadre*, 847 F. Supp. 2d 329, 337 (D.R.I. 2012*), aff'd sub nom.*, *W. Reserve Life Assur. Co. of Ohio v. ADM Associates, LLC*, 793 F.3d 168 (1st Cir. 2015) (citation omitted).

consumer and a vehicle distributor or manufacturer.[11] *See, e.g.*, *Harvey v. Nissan N. Am., Inc.*, 2005 WL 1252341, at *4 (N.J. Super. Ct. Apr. 25, 2005) (finding "no fiduciary duty or special relationship" between Nissan and consumer who purchased vehicle from Nissan dealer). Nor has Plaintiff plausibly alleged that she expressly placed trust and reliance on Volvo in making the purchase because she did not even deal directly with Volvo. *See, e.g.*, *Stevenson*, 2015 WL 3487756, at *9 ("Plaintiff does not allege that he 'expressly' reposed trust in Mazda—that is, Plaintiff does not claim that he informed Mazda that he was relying on their representations").

Second, Plaintiff's only factual allegations regarding Volvo's purported knowledge are quotes from anonymous hearsay complaints on public internet forums made four or more years <u>after</u> she purchased her S40 in 2009. As with the consumer fraud claim, Plaintiff has not plausibly—much less the particularity required by Rule 9—alleged Volvo's knowledge at the time she purchased the

---

[11] The three types of relationship which will give rise to a duty to disclose are: "(1) fiduciary relationships, such as principal and agent, client and attorney, or beneficiary and trustee; (2) relationships where one party expressly reposits trust in another party, or else from the circumstances, such trust necessarily is implied; and (3) relationships involving transactions so intrinsically fiduciary that a degree of trust and confidence is required to protect the parties." *Lightning Lube*, 4 F.3d at 1185.

vehicle in 2009.[12] *See Stevenson*, 2015 WL 3487756, at \*7; *Morris*, 2014 WL 793550, at \*7; *Wiseberg*, 2012 WL 1108542, at \*4, \*13. The Court should dismiss Count III.

## IV.   THE COURT SHOULD DISMISS PLAINTIFF'S CLAIM FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING.

Plaintiff alleges that Volvo breached a contractual duty of good faith and fair dealing that is contained in "every contract in New Jersey" by maliciously failing to notify Plaintiff of the purported defect and failing to fully and properly repair it. (Comp. ¶¶ 55-57.) Plaintiff's allegations fail to state a claim under New Jersey and Rhode Island law because "[s]uch a covenant only comes into existence ancillary to a binding contract." *Bisbano v. Strine Printing Co.*, 737 F.3d 104, 111 (1st Cir. 2013) (applying Rhode Island law); *Grygorcewicz v. Schweitzer-Mauduit Int'l, Inc.*, 2009 WL 235623, at \*2 (D.N.J. Jan. 30, 2009) ("'it is axiomatic that a contract must exist between two parties before a court will infer this covenant'"). Plaintiff, however, does not allege any specific contract into which she entered with Volvo.

But even if Volvo's limited express warranty or Plaintiff's extended warranty constitutes a contract between the parties, her good faith and fair dealing claim is deficient as a matter of law. That is because Plaintiff's omission

---

[12] Rhode Island also requires a knowing omission for common law fraud. *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009) (applying Rhode Island law).

allegations are based on non-disclosure before she purchased the vehicle, and the duty of good faith and fair dealing does not apply to contract formation.[13] *Jubelt v. United N. Bankers, Ltd.*, 2015 WL 3970227, at *15 (D.N.J. June 30, 2015) (dismissing good faith and fair dealing claim based on loan agreement claim because allegations "relate to conduct prior to the loan's closing"); *Zodda v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2015 WL 926221, at *10 n.9 (D.N.J. Mar. 4, 2015) (dismissing claim because "allegations found in the good faith and fair dealing portion of the amended complaint appear to address contract formation rather than performance or enforcement"); *Centerville Builders, Inc. v. Wynne*, 683 A.2d 1340, 1342 (R.I. 1996) ("this requirement only applies after a binding contract is formed"); *Restatement (Second) of Contracts* § 205 (1981) ("This Section, like Uniform Commercial Code § 1-203, does not deal with good faith in the formation of a contract").[14]

Plaintiff's allegation that Volvo breached the covenant by failing to repair the vehicle also does not state a claim, because Plaintiff alleges that the extended

---

[13] The claim also fails because of the *Perkins* doctrine which applies with equal force to an attempt to use the covenant of good faith and fair dealing to avoid warranty limitations.

[14] *See also Sheehy v. Lipton Indus., Inc.*, 507 N.E.2d 781, 784 n.6 (Mass. Ct. App. 1987) ("this covenant pertains to bad faith in the performance of a contract, not in its execution"); *White v. ABC Home Inspection, Inc.*, 12 Mass. L. Rptr. 283, at *3 (Mass. Super. 2000) (no claim was stated where the plaintiffs "allege[d] they were deceived into entering into the agreement to purchase the home [because] their claim concerns bad faith in the execution of the contract, not in its performance").

warranty expired prior to her first experience with a drained battery. (Compl. at

¶¶ 11-12.) The Court should therefore dismiss Count IV because Rhode Island and

New Jersey law hold that the implied covenant of good faith and fair dealing

cannot override an express term in a contract, and the time-limitation of the

extended warranty is an express term. *Fields v. Thompson Printing Co.*, 363 F.3d

259, 272 (3d Cir. 2004) ("where the terms of the parties' contract are clear, the

implied covenant of good faith and fair dealing will not override the contract's

express language") (applying New Jersey law); *Wade v. Kessler Inst.*, 798 A.2d

1251, 1259 (N.J. 2002) ("the implied covenant of good faith and fair dealing

cannot override an express term in a contract"); *accord, e.g.*, *Dovenmuehle Mortg.,*

*Inc. v. Antonelli*, 790 A.2d 1113, 1115 (R.I. 2002); *Havlick v. Johnson & Wales*

*Univ.*, 490 F. Supp. 2d 250, 261 (D.R.I. 2007) *aff'd*, 509 F.3d 25 (1st Cir. 2007).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint

with prejudice.

Dated:  October 19, 2015          Respectfully submitted,


By: *s/ Paul Daly*_____
    Paul Daly
    Mark S. Kundla
    Hardin, Kundla, McKeon & Poletto
    673 Morris Ave.
    Springfield, NJ 07081
    Telephone:  (973) 912-5222
    Facsimile:  (973) 912-9212
    Email:    pdaly@hkmpp.com
    Email:    Mkundla@HKMPP.com


    Peter W. Herzog III (*pro hac vice pending*)
    Wheeler Trigg O'Donnell LLP
    211 N. Broadway, Suite 2825
    St. Louis, MO 63102
    Telephone:  (303) 244-0117
    Facsimile:  (303) 244-1879
    Email:    pherzog@wtotrial.com


    Joel S. Neckers (*pro hac vice pending*)
    Wheeler Trigg O'Donnell LLP
    370 Seventeenth Street, Suite 4500
    Denver, CO 80202
    Telephone:  (303) 244-1800
    Facsimile:  (303) 244-1879
    Email:    neckers@wtotrial.com


    Attorneys for Defendant,
    Volvo Cars of North America, LLC

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 19, 2015, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

**Joseph Alan Venti**
joeventi@wcblegal.com

*s/ Paul Daly* _____