Mark S. Kundla
Paul Daly
**HARDIN, KUNDLA, MCKEON &
POLETTO, P.C.**
673 Morris Avenue
Springfield, NJ 07081
Phone: (973) 912-5222
Fax: (973) 912-9212
Mkundla@HKMPP.com
Pdaly@HKMPP.com

Peter W. Herzog III (pro hac vice)
**WHEELER TRIGG O'DONNELL LLP**
211 N. Broadway, Suite 2825
St. Louis, MO 63102
Phone: (314) 326-4129
Fax: (303) 244-1879
pherzog@wtotrial.com

Joel S. Neckers (pro hac vice)
**WHEELER TRIGG O'DONNELL LLP**
370 Seventeen Street, Suite 4500
Denver, CO 80202
Phone:  (303) 244-1800
Fax:  (303) 244-1879
neckers@wtotrial.com

Attorneys for Defendant Volvo Cars of
North America, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION**

| | |
|---|---|
| THERESA JENNER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>VOLVO CARS OF NORTH AMERICA, LLC,<br><br>                    Defendant. | Civil Action No.  2:15-cv-06152-CCC-JBC<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>**HEARING DATE: DECEMBER 7, 2015** |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................... ii

INTRODUCTION ................................................................................. 1

ARGUMENT ....................................................................................... 2

I.   PLAINTIFF'S CONSUMER FRAUD CLAIM IS DEFICIENT AS A
     MATTER OF LAW .......................................................................... 3

     A.   The Court Should Dismiss Plaintiff's NJCFA Claim Pursuant
          to the *Perkins* Doctrine ........................................................... 3

     B.   Plaintiff Does Not Adequately Allege that Volvo Knew Her
          Vehicle's Battery Would Die. ..................................................... 4

II.  THE COURT SHOULD DISMISS PLAINTIFF'S IMPLIED
     WARRANTY CLAIM. ..................................................................... 8

     A.   Plaintiff Fails to State an Implied Warranty Claim Because
          She Does Not Allege Privity with Volvo. ...................................... 8

     B.   Plaintiff's Implied Warranty Claim Is Barred by the Statute of
          Limitations ............................................................................. 9

III. PLAINTIFF HAS NOT PLEADED A COMMON LAW
     FRAUD CLAIM. ............................................................................ 12

IV.  PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH
     OF THE DUTY OF GOOD FAITH AND FAIR DEALING. ...................... 13

CONCLUSION ................................................................................... 15

## TABLE OF AUTHORITIES

### CASES

*Ace Am. Ins. Co. v. Grand Banks Yachts, Ltd.,*
  587 F. Supp. 2d 697 (D. Md. 2008) ...................................................................... 9

*Alban v. BMW of N. Am.,*
  2011 WL 900114 (D.N.J. Mar. 15, 2011) ..............................................................7

*Alban v. BMW of N. Am., LLC,*
  2010 WL 3636253 (D.N.J. Sept. 8, 2010) ............................................................ 4

*Coba v. Ford Motor Co.,*
  2013 WL 244687 (D.N.J. Jan. 22, 2013) ........................................... 6, 11, 12, 13

*Dewey v. Volkswagen AG,*
  558 F. Supp. 2d 505 (D.N.J. 2008) ............................................................... 12, 14

*Docteroff v. Barra Corp. of Am.,*
  659 A.2d 948 (N.J. App. Div. 1995) ................................................................ 9, 10

*Gail Frances, Inc. v. Alaska Diesel Elec., Inc.,*
  62 F. Supp. 2d 511 (D.R.I. 1999) ........................................................................ 10

*Glass v. BMW of N. Am., LLC,*
  2011 WL 6887721 (D.N.J. Dec. 29, 2011) ........................................................... 3

*Handrigan v. Apex Warwick, Inc.,*
  275 A.2d 262 (R.I. 1971) ...................................................................................... 9

*Harvey v. Nissan N. Am., Inc.,*
  2005 WL 1252341 (N.J. Super. Ct. Apr. 29, 2005) ............................................ 13

*Henry v. John W. Eshelman & Sons,*
  209 A.2d 46 (R.I. 1965) ..................................................................................... 8, 9

*In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.,*
  1999 WL 33495352 (D.N.J. May 14, 1999) ....................................................... 12

*In re Prudential Ins. Co. of Am. Sales Practices Litig.,*
  975 F. Supp. 584 (D.N.J. 1996) .......................................................................... 14

*Klimas v. Int'l Tel. & Tel. Corp.*,
  297 F. Supp. 937 (D.R.I. 1969) ........................................................ 8, 9

*Lombardi v. Ca. Packing Sales Co.*,
  112 A.2d 701 (R.I. 1955) ...................................................................... 9

*McQueen v. BMW of N. Am., LLC*,
  2014 WL 656619 (D.N.J. Feb. 20, 2014) ............................................ 7

*Mickens v. Ford Motor Co.*,
  900 F. Supp. 2d 427 (D.N.J. 2012) ...................................................... 5

*Nelson v. Nissan N. Am., Inc.*,
  894 F. Supp. 2d 558 (D.N.J. 2012) .................................................... 11

*Nobile v. Ford Motor Co.*,
  2011 WL 900119 (D.N.J. Mar. 14, 2011) ............................................ 3

*Noble v. Porsche Cars N. Am.*,
  694 F. Supp. 2d 333 (D.N.J. 2010) ...................................................... 4

*Perkins v. DaimlerChrysler Corp.*,
  890 A.2d 997 (N.J. Super. Ct. App. Div. 2006) .................................. 3, 4, 12, 13

*P.V. ex rel. T.V. v. Camp Jaycee*,
  962 A.2d 453 (N.J. 2008) ...................................................................... 2

*Ryan v. Roman Catholic Bishop of Providence*,
  941 A.2d 174 (R.I. 2008) .................................................................... 11

*Sportscare of Am., P.C. v. Multiplan, Inc.*,
  2011 WL 589955 (D.N.J. Feb. 10, 2011) .......................................... 13

*Spring Motors Distribs., Inc. v. Ford Motor Co.*,
  489 A.2d 660 (N.J. 1985) ...................................................................... 8

*Stevenson v. Mazda Motor of Am.*,
  2015 WL 3487756 (D.N.J. June 2, 2015) .......................................... 12

*Thiedemann v. Mercedes-Benz USA, LLC*,
  872 A.2d 783 (2005) .............................................................................. 4

*Travelers Indem. Co. v. Dammann & Co.*,
   592 F. Supp. 2d 752 (D.N.J. 2008) ...................................................................... 10

*Wiseberg v. Toyota Motor Corp.*,
   2012 WL 1108542 (D.N.J. Mar. 30, 2012)........................................................... 4

## STATUTES, RULES & OTHER

N.J. Stat. Ann. § 12A:2-725.......................................................................... 10, 12

R.I. Gen. Laws Ann. § 6A-2-318....................................................................... 8, 9

R.I. Gen. Laws Ann. § 6A-2-725.................................................................... 10, 12

## **INTRODUCTION**

Plaintiff devotes much of her opposition to misconstruing her own allegations and debating whether New Jersey or Rhode Island law applies to her claims. Regardless of how she now spins her allegations or what law applies, however, all of Plaintiff's claims should be dismissed because they fail as a matter of law for the reasons explained below.

First, the critical flaws in Plaintiff's fraud-based claims are that she does not allege (a) that her rdar failed during the warranty period, (b) that Volvo "knew with certainty" at the time of sale that Plaintiff's rdar was defective, or (c) that Volvo misrepresented or concealed anything in connection with the sale of her vehicle.

Second, Plaintiff misleadingly claims that Rhode Island "abolished" vertical privity in connection with implied warranty claims by relying on a statute and cases that address *horizontal* privity.

Third, Plaintiff claims that her implied warranty claim is timely because of "fraudulent concealment tolling." Putting aside the fact that the Complaint does not even allege that the statute of limitations should be tolled, the fraudulent concealment doctrine does not apply to implied warranty claims.

Finally, Plaintiff's duty of good faith and fair dealing claim fails because she has never identified any contract with Volvo. Without a contract, there is nothing to support an implied contractual duty of good faith and fair dealing. Even if

Plaintiff could identify a contract, the implied duty cannot override an express

contractual term. Here, she attempts—impermissibly—to use the implied duty to

extend the time limitations of the express warranty.

## ARGUMENT

As a preliminary matter, Volvo notes that Plaintiff, a Massachusetts resident

who purchased her vehicle in Rhode Island, says the Court should apply

New Jersey law "to all claims in this case." (ECF No. 24 at 15.) According to her

lawyers, this conclusion follows from the premise that there are no conflicts

between New Jersey and Rhode Island law on the issues presented by Volvo's

motion to dismiss. Both the conclusion and the premise are incorrect, however.

Volvo pointed out that there is an outcome determinative conflict between

New Jersey and Rhode Island law on the issue of vertical privity. Rhode Island law

applies to that claim. To be sure, Volvo concedes that there are some issues

presented by its motion where forum law may be applied because there is no

conflict. But choice of law is an issue-by-issue analysis. *P.V. ex rel. T.V. v. Camp

Jaycee*, 962 A.2d 453, 460 (N.J. 2008) ("The Second Restatement assessment

takes place on an issue-by-issue basis"). Therefore, New Jersey law may be

applied *only* with respect to those issues where there is no conflict, *not* to the case

generally.

I.     **PLAINTIFF'S CONSUMER FRAUD CLAIM IS DEFICIENT AS A MATTER OF LAW.**

   A.     **The Court Should Dismiss Plaintiff's NJCFA Claim Pursuant to the *Perkins* Doctrine.**

Plaintiff contends the *Perkins* doctrine does not apply because her "rdar was defective from the outset and, as such, it was prematurely draining her batteries the entire time she owned her car." (ECF No. 24 at 19-21.) She further claims that, unlike the plaintiff in *Perkins*, she did not receive the benefit of the part and vehicle during the warranty period. (*Id.*) Her attempts to distinguish *Perkins* are illogical and unpersuasive.

There is no difference between a battery that failed to last as long as Ms. Jenner contends it should have from the other vehicle components that other disappointed owners contended did not last as long as they should have. The exhaust manifold in *Perkins* obviously experienced some deterioration during the warranty period, but because it did not require repair or replacement until after the warranty had expired, the *Perkins* Court ruled that its failure was not actionable under the NJCFA. *Perkins v. DaimlerChrysler Corp.*, 890 A.2d 997, 1004-05 (N.J. Super. Ct. App. Div. 2006); *see also Glass v. BMW of N. Am., LLC*, 2011 WL 6887721, at *1, *10 (D.N.J. Dec. 29, 2011) (dismissing claim because alleged defect in power steering system did not manifest until after warranty period); *Nobile v. Ford Motor Co.*, 2011 WL 900119, at *1, *6 (D.N.J. Mar. 14, 2011)

(same with allegedly defective transmission). According to the allegations of the Complaint, the allegedly defective component at issue in this case—her Volvo's rdar—did not cause any damage during the warranty period. Therefore, *Perkins* governs, and the purported defect is not actionable under the NJCFA.

As explained by Judge Wigenton in *Noble v. Porsche Cars N. Am.*, 694 F. Supp. 2d 333 (D.N.J. 2010), furthermore, costs to repair a part that fails outside of warranty cannot constitute an "ascertainable loss" under the NJCFA without re-writing an express warranty that has already expired. *Id.* at 337-39; *see also Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 794 (2005) ("The mere fact that an automobile defect arises does not establish, in and of itself, an actual and ascertainable loss to the vehicle purchaser"). Here, Plaintiff received exactly what she bargained for: a vehicle that operated as it was warranted for as long as it was warranted.

### B. Plaintiff Does Not Adequately Allege that Volvo Knew Her Vehicle's Battery Would Die.

The Court also should dismiss Plaintiff's NJCFA claim because she does not allege that Volvo "knew with certainty" that the rdar would cause her battery to fail years after she purchased her vehicle. *See, e.g.*, *Wiseberg v. Toyota Motor Corp.*, 2012 WL 1108542, at *4 (D.N.J. Mar. 30, 2012); *Noble*, 694 F. Supp. 2d at 337; *Alban v. BMW of N. Am., LLC*, 2010 WL 3636253, at *10 (D.N.J. Sept. 8, 2010). Plaintiff largely ignores this standard and instead relies on cases that

4

involve alleged omissions regarding the availability of insurance payments to beneficiaries, vanishing premiums in insurance policies, and equipment leases. (ECF No. 24 at 22-23.) Those cases do not help Plaintiff, however, because they do not apply the correct standard and do not involve the alleged non-disclosure of a purported defect that *only manifested after the warranty had expired*. (*See id.*)

Of Plaintiff's cases, only *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427 (D.N.J. 2012), applies the correct standard to the alleged non-disclosure of a vehicle defect. (ECF No. 24 at 20.) There, the court recognized that a NJCFA omission claim requires that the plaintiff "'sufficiently allege that the manufacturer *knew with certainty* that the product at issue or one of its components was going to fail.'" *Id.* at 442 (citation omitted, emphasis in original). The *Mickens* Court held that allegations that the vehicle had an aluminum hood and no coating between the aluminum and iron parts, in light of the scientific knowledge that galvanic corrosion necessarily would occur in such circumstances, were sufficient to meet the knowledge-with-certainty standard. *Id.* at 444-45 (holding that Ford "had to know that galvanic corrosion would occur based upon commonly known scientific principles, as well as Ford's prior experience with galvanic corrosion, its participation in numerous studies, and its access to 'extensive technical and scientific information relating to galvanic corrosion to inform its vehicle design decisions, including its choice of materials'"). *Mickens* has no bearing here,

however, because Plaintiff does not allege that Volvo knew with certainty at the time of the sale that Plaintiff's battery would fail years later because of the rdar—in light of "well-known scientific principles" or for any reason at all.

*Coba v. Ford Motor Co.*, 2013 WL 244687, at *2 (D.N.J. Jan. 22, 2013), is instructive on this essential difference. In *Coba*, the plaintiffs alleged that the inner lining of a vehicle's fuel tank delaminated or flaked off, causing damage to other components of the engine. *Id.* at *2. Like Plaintiff here, the plaintiffs in *Coba* contended "that their allegations of Ford's knowledge of the Fuel Tank Defect are similar to those that sustained an NJCFA claim in *Mickens*." *Id.* at *10. Judge Debevoise rejected this contention because the plaintiffs did not allege "the scientific process by which the subject fuel tanks delaminate, or that Ford had certain knowledge of this process." *Id.* at *11. The *Coba* Court then dismissed the claim because it was "impossible to reasonably infer that Ford knew that, at the time Plaintiffs purchased their vehicles, the Fuel Tank Defect would manifest in them." *Id.* at *11. The same analysis fully applies here—Plaintiff does not allege either "the scientific process" that allegedly caused the rdar to drain Plaintiff's battery or that Volvo "had certain knowledge" in 2009 (when Plaintiff purchased her vehicle) that the alleged defect would manifest in her vehicle. (Compl. ¶¶ 1-57.)

Plaintiff's remaining arguments are easily dispatched. She contends that knowledge at the time of sale in April 2009 is the only reasonable inference to draw from her allegations that Volvo upgraded its software in January 2015 and from internet complaints posted by a handful of consumers years *after* she purchased her vehicle. (ECF No. 24 at 23-24.) But a software upgrade that post-dates Plaintiff's vehicle purchase by roughly six years says nothing about Volvo's knowledge in 2009. The same is true of the internet complaints that post-date Plaintiff's purchase and which Plaintiff does not allege were even communicated to Volvo. *See, e.g.*, *McQueen v. BMW of N. Am., LLC*, 2014 WL 656619, at *4 (D.N.J. Feb. 20, 2014) (must allege knowledge at the time of vehicle sale); *Alban v. BMW of N. Am.*, 2011 WL 900114, at *11 (D.N.J. Mar. 15, 2011) (dismissing claim where "allegations merely indicate that BMW *might* have known of the defect in its sound insulation") (emphasis in original). In short, the Court should dismiss this claim because Plaintiff did not plausibly—and certainly not with particularity—allege that Volvo knew with *certainty* when she purchased her vehicle that the rdar would cause the vehicle's battery to fail almost six years later.

## II.    THE COURT SHOULD DISMISS PLAINTIFF'S IMPLIED WARRANTY CLAIM.

### A.    Plaintiff Fails to State an Implied Warranty Claim Because She Does Not Allege Privity with Volvo.

Plaintiff concedes she does not stand in vertical privity with Volvo. Instead, she says that Rhode Island abolished the privity requirement when it adopted R.I. Gen. Laws Ann. § 6A-2-318, and she therefore concludes that there is no conflict between Rhode Island and New Jersey law. (ECF No. 24 at 14.) Plaintiff's contention is based on the misapplication of a statute addressing horizontal privity to her implied warranty claim against Volvo, which requires vertical privity. "A vertical relationship describes one that exists between parties in a distributive chain, *i.e.*, between a manufacturer, wholesaler, retailer, and ultimate buyer." *Spring Motors Distribs., Inc. v. Ford Motor Co.*, 489 A.2d 660, 675 (N.J. 1985). "Horizontal non-privity, on the other hand, describes the relationship between the retailer and someone, other than the buyer, who has used or consumed the goods." *Id.*

Section 2-318 of Rhode Island's Commercial Code addresses horizontal, not vertical, privity. It "presuppose[s] that the buyer is in privity with the seller" and extends that privity horizontally from the buyer to others. *Henry v. John W. Eshelman & Sons*, 209 A.2d 46, 50 (R.I. 1965); *Klimas v. Int'l Tel. & Tel. Corp.*, 297 F. Supp. 937, 940 (D.R.I. 1969) ("However, as in the *Henry* case, the plaintiff

here is, by the express terms of the statutory scheme, 6A-2-318, beyond the scope of statutory warranty protection.") In fact, the case on which Plaintiff relies—*Handrigan v. Apex Warwick, Inc.*, 275 A.2d 262, 266 & n.4 (R.I. 1971)—addresses horizontal privity. There, the plaintiff sought to recover under an implied warranty for personal injuries sustained in a fall from an aluminum ladder that a friend had purchased from the defendant seller. *Id.* Relying on § 6A-2-318, the court held that the plaintiff "had a right to bring a direct action for breach of warranty against *this defendant as the seller of the ladder.*" *Id.* at 266 (emphasis added). There was vertical privity in *Handrigan* between the buyer and defendant seller, and the statute extended privity horizontally to a friend of the buyer. *Id.*

Section 6A-2-318 thus has *not* abolished vertical privity in Rhode Island. The Court should dismiss Plaintiff's implied warranty claim because she is not in vertical privity with Volvo. *See, e.g.*, *Henry*, 209 A.2d at 50; *Lombardi v. Ca. Packing Sales Co.*, 112 A.2d 701, 702 (R.I. 1955); *Klimas*, 297 F. Supp. at 939-40; *see also Ace Am. Ins. Co. v. Grand Banks Yachts, Ltd.*, 587 F. Supp. 2d 697, 708 (D. Md. 2008) (applying Rhode Island law).

## B.   Plaintiff's Implied Warranty Claim Is Barred by the Statute of Limitations.

Relying on *Docteroff v. Barra Corp. of Am.*, 659 A.2d 948, 955 (N.J. App. Div. 1995), Plaintiff contends that the discovery rule precludes dismissing her implied warranty claim as time-barred. (ECF No. 24 at 15-16.) But *Docteroff* does

not apply because it involved an express warranty that extended to future repairs. The discovery rule "applies *only* to cases where warranties 'explicitly extend [ ] to future performance.'" *Id.* at 954 (emphasis added); *see also* N.J. Stat. Ann. § 12A:2-725(2); R.I. Gen. Laws Ann. § 6A-2-725 (2). The very nature of an implied warranty precludes application of the discovery rule because an implied warranty cannot extend to future performance. *Travelers Indem. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 765 (D.N.J. 2008) ("Implied warranties, by their very nature, cannot extend to future performance because such an extension must be *explicit* and an implied warranty cannot explicitly state anything") (emphasis in original); *Gail Frances, Inc. v. Alaska Diesel Elec., Inc.*, 62 F. Supp. 2d 511, 517 (D.R.I. 1999) ("By definition, implied warranties cannot explicitly extend to the future"). Because the discovery rule does not apply, Plaintiff's implied warranty claim accrued in April 2009 and is time-barred.

Plaintiff next contends, citing fraudulent concealment principles, that the "presence of fraud" can toll the statute of limitations. (ECF No. 24 at 16.) This contention does not save her implied warranty claim for multiple reasons. First, Plaintiff has not alleged fraudulent concealment. Second, even if Plaintiff could rely on allegations of fraud generally, she has not alleged the actual misrepresentation required. Fraudulent concealment requires the plaintiff to "show: (1) that the defendant made an actual misrepresentation of fact; and (2) that, in

making such misrepresentation, the defendant fraudulently concealed the existence of plaintiff's causes of action." *Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 182 (R.I. 2008). "Mere silence or inaction on the part of the defendant does not constitute actual misrepresentation in this context."[1] *Id.* Third, even if silence were actionable, Plaintiff has not plausibly or with particularity alleged that Volvo knew her rdar would cause the battery to drain when she purchased the vehicle. Fourth, as previously discussed, the discovery rule does not apply to an implied warranty claim. Plaintiff's authority—*Nelson v. Nissan N. Am., Inc.*, 894 F. Supp. 2d 558, 567 n.6 (D.N.J. 2012)—expressly recognized that the statute of limitations for an implied warranty claim "is four years from the tender or sale of the allegedly defective product and not from the time the breach is discovered." It denied the motion to dismiss only because of an equitable doctrine applicable "where repairs were attempted; representations were made that the repairs would cure the defects; and the plaintiff relied upon the representations." *Id.* Nothing similar is alleged here, and there is no such exception under Rhode Island law in

---

[1] *See also Coba*, 2013 WL 244687, at *12 (rejecting fraudulent concealment tolling for implied warranty of merchantability claim because "New Jersey Courts have found no special relationship between individual consumers and automobile manufacturers that would impose a duty to disclose on the manufacturers" and "Plaintiffs do not identify any specific ambiguous partial disclosures or statements by Ford"). If there is a conflict, Rhode Island law applies.

any event. Plaintiff's other cited authority is equally inapposite.[2] Plaintiff's implied warranty claim is time-barred and should be dismissed. N.J. Stat. Ann. § 12A:2-725; R.I. Gen. Laws Ann. § 6A-2-725.

## III.  PLAINTIFF HAS NOT PLEADED A COMMON LAW FRAUD CLAIM.

The Court should dismiss Plaintiff's common law fraud claim for the same reasons that it should dismiss her consumer fraud claim, *i.e.*, the *Perkins* doctrine bars the claim, and Plaintiff has not plausibly or with particularity alleged that Volvo knew at the time of the sale that a defect would manifest itself in her vehicle and cause her battery to die. *See, e.g.*, *Coba*, 2013 WL 244687, at *10-11 (dismissing NJCFA and common law fraud claim because Plaintiff did not allege that Ford knew that at the time of the sale that the alleged defect would manifest in plaintiffs' vehicles).

The Court should dismiss Plaintiff's fraud claim for the additional reason that she has not alleged adequately that Volvo had a duty to disclose information about her rdar. *Stevenson v. Mazda Motor of Am.*, 2015 WL 3487756, at *9-*11 (D.N.J. June 2, 2015) (dismissing fraud claim because Plaintiff "failed to show that

---

[2] In *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 523-24 (D.N.J. 2008), the court denied the motion to dismiss only "[b]ecause neither party adequately addresses on a state-by-state basis the law of tolling an implied warranty claim when a plaintiff has alleged fraudulent concealment." *Id.* In *In re Ford Motor Co. Ignition Switch Prods. Liab. Litig.*, 1999 WL 33495352, at *10-11 (D.N.J. May 14, 1999), the court did not apply Rhode Island (or even New Jersey) law to the allegations of fraudulent concealment.

Mazda had a duty to disclose the alleged defect"); *Coba*, 2013 WL 244687, at *12 ("New Jersey Courts have found no special relationship between individual consumers and automobile manufacturers that would impose a duty to disclose on the manufacturers"); *Harvey v. Nissan N. Am., Inc.*, 2005 WL 1252341, at *4 (N.J. Super. Ct. Apr. 29, 2005) (finding "no fiduciary duty or special relationship" between Nissan and consumer who purchased vehicle from Nissan dealer creating a duty to disclose). Plaintiff's only response on this point is to claim that *Perkins* does not apply (ECF No. 24 at 20-21), but her failure to identify a duty in response to Volvo's argument concedes it. *Sportscare of Am., P.C. v. Multiplan, Inc.*, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue") (citing cases).

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING.

Volvo showed in its opening brief that the Court should dismiss Plaintiff's good faith and fair dealing claim for three reasons: (1) Plaintiff did not allege a contract between the parties (ECF No. 16-1 at 33); (2) any non-disclosure claim must fail because the duty does not apply to contract formation (*id.* at 33-34); and (3) the duty cannot override an express contract term, and the time-limitation of the extended warranty is an express term (*id.* at 34).

13

To respond to Volvo's first argument, Plaintiff recasts it. She says Volvo contends that "Jenner does not identify a particular contractual term that Volvo breached." (ECF No. 24 at 24.) But Volvo's argument is not that Plaintiff must identify a particular contract *term*, only that she must identify a particular *contract*, which she still has not done.[3]

Second, Plaintiff concedes Volvo's second argument—that the duty does not apply to contract formation—by failing to respond to it substantively. Instead, she relies only on a purported *post*-sale duty that, by definition, has nothing to do with contract formation. (*Id.* at 25.)

Third, Plaintiff says *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 975 F. Supp. 584, 615 (D.N.J. 1996), "found similar allegations sufficient to state an implied covenant claim." (ECF No. 24 at 25.) *Prudential* actually held, however, that "a court cannot imply a duty of good faith which directly conflicts with contract terms to which the parties have each assented." 975 F. Supp. at 616. The court allowed some claims to proceed but only because the alleged conduct was not addressed by the parties' written contracts. *See id.* Here, Plaintiff does not allege a contract with Volvo, but even if her "extended warranty" is such a contract, she admits that it had expired at the time of the events alleged in the

---

[3] The discussion in *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 531 (D.N.J. 2008), thus has no bearing here because Volvo did not make the argument that Volkswagen raised in that case.

Complaint. (Compl. ¶ 12.)[4] She then attempts to override and extend that explicit contract duration with a duty of good faith and fair dealing claim. Neither Rhode Island nor New Jersey law allows Plaintiff to do so.

## <u>CONCLUSION</u>

For all the reasons explained above and in Volvo's earlier memorandum (ECF No. 16-1), the Court should dismiss Plaintiff's Complaint for failure to state a claim.

---

[4] Plaintiff refers to an "extended warranty" at various places in her Complaint but does not attach the document and does not allege it is a contract with Volvo. (Compl. ¶¶ 11, 12.)

Dated:  December 2, 2015                Respectfully submitted,

By: *s/ Paul Daly*
        Paul Daly
        Mark S. Kundla
        Hardin, Kundla, McKeon & Poletto
        673 Morris Ave.
        Springfield, NJ 07081
        Telephone:  (973) 912-5222
        Facsimile:  (973) 912-9212
        Email:      pdaly@hkmpp.com
        Email:      Mkundla@HKMPP.com

        Peter W. Herzog III (*pro hac vice*)
        Wheeler Trigg O'Donnell LLP
        211 N. Broadway, Suite 2825
        St. Louis, MO 63102
        Telephone:  (314) 326-4129
        Facsimile:  (303) 244-1879
        Email:      pherzog@wtotrial.com

        Joel S. Neckers (*pro hac vice*)
        Wheeler Trigg O'Donnell LLP
        370 Seventeenth Street, Suite 4500
        Denver, CO 80202
        Telephone:  (303) 244-1800
        Facsimile:  (303) 244-1879
        Email:      neckers@wtotrial.com

        Attorneys for Defendant,
        Volvo Cars of North America, LLC

16

## <u>CERTIFICATE OF SERVICE</u>

 I HEREBY CERTIFY that on December 2, 2015, I electronically filed the foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

 **Joseph Alan Venti**
 joeventi@wcblegal.com

       *s/ Paul Daly*_____