NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA JENNER, *individually and on behalf of all others similarly situated*,<br><br>      Plaintiff,<br> v.<br>VOLVO CARS OF NORTH AMERICA, LLC,<br><br>      Defendant. | Civil Action No.: 2:15-cv-6152<br><br>**Opinion & Order** |

**CECCHI, District Judge.**

  This matter comes before the Court by way of Plaintiff Theresa Jenner's ("Plaintiff") motion to amend her First Amended Class Action Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2). ECF No. 100. Defendant Volvo Cars of North America, LLC ("Defendant") opposed Plaintiff's motion (ECF No. 102), and Plaintiff replied (ECF No. 106).

  **WHEREAS** this action concerns an allegedly defective component of Defendant's satellite radio system, used in its vehicles since at least 2008, which purportedly caused the vehicles' battery to unexpectedly fail. *See generally* ECF No. 30; and

  **WHEREAS** Plaintiff initiated this action on August 12, 2015 (ECF No. 1), and filed a First Amended Class Action Complaint on July 8, 2016 (ECF No. 30). Defendant then filed a motion to dismiss the First Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 32. Plaintiff opposed the motion (ECF No. 36), and Defendant replied (ECF No 39). Thereafter, on April 19, 2018, the Court held oral argument (ECF No. 57), and appointed a mediator to facilitate settlement discussions (ECF No. 54). The parties subsequently informed the Court, on August 22, 2019, that mediation was unsuccessful. ECF No. 74; and

**WHEREAS** while the parties engaged in settlement discussions, this Court initially stayed discovery (ECF No. 56), and thereafter, discovery was reopened (ECF No. 81). By order dated July 14, 2021, the Court granted Plaintiff leave to file her motion for a proposed Second Amended Class Action Complaint by July 30, 2021. ECF No. 99. Plaintiff then submitted her motion to amend on July 30, 2021 (ECF No. 100). Defendant opposed the motion on August 9, 2021 (ECF No. 102), and Plaintiff replied on August 31, 2021 (ECF No. 106). After receiving Plaintiff's motion to amend (ECF No. 100), the Court terminated Defendant's motion to dismiss (ECF No. 32), pending the disposition of Plaintiff's motion to amend, at which time Defendant could either reinstate its motion or file a renewed one (ECF No. 101); and

**WHEREAS** Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading within certain time limitations, or, if those time limitations have been exceeded, "with the opposing party's written consent or the court's leave." *See* Fed. R. Civ. Pro. 15(a); *see also Dickerson v. N.J. Inst. of Tech.*, No. 19-cv-8344, 2022 WL 104699, at *2 (D.N.J. Jan. 10, 2022). Under Rule 15, courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. Pro. 15(a)(2), and such a decision is left in the court's discretion. *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 144 n.10 (3d Cir. 2009). Thus, courts have shown a strong liberality in allowing amendments under Rule 15 to ensure that claims will be decided on the merits rather than on technicalities. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990); *Giordano v. Holder*, No. 15-cv-1270, 2017 WL 1969466, at *2 (D.N.J. May 12, 2017). When deciding a motion to amend the pleadings, a court should consider factors that include undue delay, undue prejudice to the opposing party, and futility of amendment. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); and

**WHEREAS** Plaintiff seeks leave to amend her First Amended Class Action Complaint to reflect facts uncovered during initial document discovery and depositions, which Plaintiff argues relate directly to her fraud claims against Defendant—specifically, that Defendant knew of the defective satellite radio component before Plaintiff purchased her vehicle. ECF No. 100-1 at 5; and

**WHEREAS** in opposition, Defendant contends that leave should be denied. Defendant first argues that amendment is futile because, even if the pleadings included the amended allegations, Plaintiff cannot sustain a fraud claim. ECF No. 102 at 6–8. Second, Defendant argues that an amendment would be unduly prejudicial, as Plaintiff has had ample opportunity to amend and any amendment will require Defendant to complete additional briefing. *Id*. at 9–12; and

**WHEREAS** beginning with whether amendment would be futile, futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Burtch et al. v. Milberg Factors, Inc. et al.*, 662 F.3d 212, 231 (3d Cir. 2011) (quoting *Fox Rothschild LLP*, 615 F.3d at 175). Given the liberal standard for amending pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citations omitted). Although an amendment is futile if it would not survive a motion to dismiss, "Rule 15 futility does not contemplate substantive motion practice on the merits of the claims." *Giordano*, 2017 WL 1969466, at *3 (citing *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)); and

**WHEREAS** here, Plaintiff's proposed amendment adds particularized facts regarding when Defendant learned of the alleged defect and its response to the issue. Specifically, Plaintiff proposes to allege that Defendant became aware of the malfunction in its satellite radio system as

early as September 2008 through an internal company report, (ECF No. 100-3 at ¶¶ 3, 11), approximately six months before Plaintiff purchased her vehicle (*id.* at ¶ 28), and that it took Defendant until 2012 to develop a software upgrade to fix the problem (*id.* at ¶ 21). Moreover, the proposed amended complaint alleges that once Defendant found a solution, it chose not to distribute the upgrade to purchasers, or otherwise notify them that their vehicles needed service to avoid the unexpected battery drain caused by the defective satellite radio component. *Id.* ¶¶ 21, 25–26; and

**WHEREAS** Defendant argues that an amendment to the pleadings would be futile because these new allegations do not plausibly assert that Defendant knew of Plaintiff's problem "with certainty" as Defendant contends is required to sustain Plaintiff's fraud claim. ECF No. 102 at 6–8. However, Plaintiff's proposed amended allegations regarding when Defendant became aware of the defect, what Defendant did to fix the defect, and how Defendant chose to alert consumers that their satellite radios needed repair all relate to the knowledge element of a fraud claim. *John Wiley & Sons, Inc. v. Rivadeneyra*, 179 F. Supp. 3d 407, 413 (D.N.J. 2016) (finding that alleging facts that demonstrate "who, what, where, when, and how" satisfies the pleading requirements for fraud claims). As a result, the amendment does not appear to be legally insufficient on its face, and thus amendment is not futile. *See Casciano v. City of Paterson*, No. 19-cv-9475, 2021 WL 2434020, at *2 (D.N.J. June 15, 2021); and

**WHEREAS** the Court next considers whether Plaintiff prejudiced Defendant by unduly delaying the filing of the instant motion and whether amendment would otherwise prejudice Defendant by requiring it to engage in additional briefing. *See* ECF No. 102 at 9–12. "Delay alone . . . is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party." *Cornell & Co., Inc. v. Occupational Safety & Health Rev. Comm'n*, 573 F.32d 820,

4

823 (3d Cir. 1978). In addition to prejudice associated with delay, the non-moving party may also be unduly prejudiced if amendment would create significant hardship. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001); and

**WHEREAS** regarding undue delay, Defendant argues that Plaintiff's deadline for filing an amended complaint, as established in the original scheduling order, expired over three years ago. ECF No. 102 at 9–10 (citing ECF No. 45 at ¶ 16). Defendant further contends that, when Plaintiff eventually raised her intention to file a second amended complaint in June 2020, she waited almost a year before bringing her motion. *Id.* at 10. However, the Court granted Plaintiff leave to file a motion to amend the complaint by July 30, 2021 in an updated scheduling order filed on July 14, 2021, and Plaintiff filed her motion within the new deadline set in that order. ECF Nos. 99, 100. Because Plaintiff complied with the updated scheduling order, and Defendant has not demonstrated that Plaintiff unduly delayed between first announcing her intentions to amend and bringing her motion, the Court finds no undue delay here. *N.J. Performing Arts Ctr. Corp. v. ZMAN Time Prods., Inc.,* No. 17-cv-2901, 2018 WL 814051, at *3 (D.N.J. Feb. 9, 2018), *report and recommendation adopted sub nom.*, *N.J. Performing Arts Ctr. v. ZMAN TIME Prods., Inc.*, No. 17-cv-2901, 2018 WL 1456619 (D.N.J. Mar. 22, 2018) (finding no undue delay where a movant complied with an updated deadline set by the court); and

**WHEREAS** Defendant also argues that amendment would be unduly prejudicial because it would "forc[e] Defendant to expend the cost and time of briefing a new motion." ECF No. 102 at 11. This contention is unavailing. Here, Plaintiff's proposed amendment does not focus on new theories of liability or claims against Defendant. Instead, the proposed amendment alleges new facts that support Plaintiff's existing fraud claims and addresses possible pleading deficiencies identified by Defendant in its motion to dismiss and this Court at oral argument. ECF Nos. 32, 63

at 48–51. Further, to the extent Defendant argues that it will incur costs because the amendment will impact discovery (ECF No. 102 at 10–11), both parties have been engaged in active ongoing discovery. ECF No. 99. Defendant has not identified evidence to show that allowing Plaintiff to file an amended complaint would impact this process to Defendant's detriment. *Citron v. Jersey City Police Dep't*, No. 07-cv-5686, 2017 WL 1024274, at *3 (D.N.J. Mar. 16, 2017) (finding no undue prejudice where an amended complaint would not impact the discovery process). Accordingly, while the amended complaint may cause defendant to modify its motion to dismiss, this type of prejudice is not cognizable under Rule 15, as it does not "impair[] the [Defendant's] ability present its case." *N.J. Performing Arts Ctr. Corp.*, 2018 WL 814051, at *3; *see also Dente et al. v. Saxon Mortg. et al.*, No. 11-cv-6933, 2012 WL 1664127, at *2 (D.N.J. May 11, 2012) ("[P]rejudice becomes 'undue' only when the non-moving party shows that it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered.") (citations omitted).

Accordingly, **IT IS** on this 25th day of February, 2022;

**ORDERED** that Plaintiff's motion to amend the First Amended Class Action Complaint (ECF No. 100) is **GRANTED**; and it is further

**ORDERED** that Plaintiff is **GRANTED** leave to file her Second Amended Class Action Complaint.

**SO ORDERED**.

s/ Claire C. Cecchi<br>
**CLAIRE C. CECCHI, U.S.D.J.**